**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERRENCE J. HANCOCK, JOHN LISNER, DALE BOLT, J. BRADLEY WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, TIMOTHY DUNLAP, and EDWARD DENORMANDIE, as Trustees of the LOCAL No. 731, I.B. of T., GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH AND WELFARE FUND, <br><br> and <br><br> TERRENCE J. HANCOCK , JOHN LISNER, DALE BOLT, JAMES BUIK, and EDWARD DENORMANDIE, as Trustees of the LOCAL No. 731, I.B. of T, TEXTILE MAINTENANCE AND LAUNDRY CRAFT PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> DE NORMANDIE TOWEL & LINEN SUPPLY COMPANY, an Illinois Corporation, and EDWARD J. DENORMANDIE, individually and doing business as DE NORMANDIE TOWEL & LINEN SUPPLY COMPANY, <br><br> Defendants. | Case No.: 14-cv-5504 |

## COMPLAINT

Plaintiffs Terrence J. Hancock, John Lisner, Dale Bolt, J. Bradley Webb, James Buik,

Michael I. Richardson, Timothy Dunlap, and Edward DeNormandie as Trustees of Local No.

731, I.B. of T., Garage Attendants, Linen and Laundry Health and Welfare Fund ("Welfare

Fund") and Terrence J. Hancock, John Lisner, Dale Bolt, James Buik, and Edward DeNormandie

as Trustees of Local No. 731, I.B. of T., Textile Maintenance and Laundry Craft Pension Fund

1

("Pension Fund") (collectively, "Funds"), through their attorneys Dowd, Bloch, Bennett & Cervone, by way of their complaint against Defendants De Normandie Towel & Linen Supply Company ("Defendant Company" or "DeNormandie Company"), an Illinois corporation, and Edward J. DeNormandie ("Edward DeNormandie"), individually and doing business as De Normandie Towel & Linen Supply Company, state as follows:

## JURISDICTION AND VENUE

1.      Count I of this action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to collect unpaid employee benefit contributions, interest, liquidated damages, attorneys' fees and court costs and, as such, this Court has jurisdiction over this action under Sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e) and 1132(f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(c).

2.      Venue lies in this court with respect to Count I under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that the Funds are administered by their Trustees at their principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois, 60527.

3.      The Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

4.      Venue is properly vested in this Court for Count II pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A).

2

6.     Plaintiff Trustees are "fiduciaries" of the Funds authorized to bring this action on behalf of the Plan, its participants, and its beneficiaries pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

7.     Defendant DeNormandie Company was an Illinois corporation registered to do business in the state of Illinois.   The corporation was involuntarily dissolved on November 8, 2013.  At all relevant times, the Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §§ 1002(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

8.     Defendant Edward DeNormandie is an individual who regularly transacts business in Illinois.  Edward DeNormandie served as President of DeNormandie Company before and at the time of its involuntary dissolution.  Edward DeNormandie has continued to conduct business in DeNormandie Company's name since its dissolution, making him personally liable for all debts and liabilities incurred by the Defendant Company from November 8, 2013 onward.  805 ILCS 5/3.20.  Additionally, Edward DeNormandie personally guaranteed a portion of the amounts that the Defendant Company owes to the Funds.

## COUNT I: FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

9.     The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. is a labor organization within the meaning of 29 U.S.C. § 185(a).  At all relevant times, the DeNormandie Company was a party to successive collective bargaining agreements ("Agreement").  From November 8, 2013 onward, Edward DeNormandie, doing business as De Normandie Towel & Linen Supply Company, was personally liable for any of the obligations under the Agreement, by operation of law, for operating a dissolved corporation.  The Agreement obligates

3

DeNormandie Company and Edward DeNormandie to make monthly contributions on behalf of all of their employees covered by the Agreement for health-welfare and pension benefits. The Agreement further requires the Defendant Company and Edward DeNormandie to submit monthly remittance reports in which DeNormandie Company and Edward DeNormandie identify the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee by the 15th of every month. Failure to report or remit contributions subjects DeNormandie Company and Edward DeNormandie to liability for assessed interest on any late payment, 10% of the contributions owed as liquidated damages, which increases to 20% once a lawsuit is filed, and all costs incurred by the Funds to collect the delinquent contributions.

10. Notwithstanding DeNormandie Company's obligations under the Agreement, as revealed by reports from its payroll company through June of 2014, DeNormandie Company has failed to remit contributions to the Funds for all of its employees covered by the Agreement.

11. Despite demands duly made, DeNormandie Company has not remitted the entire amount of delinquent contributions and other sums owed.

12. All conditions precedent to requiring payment of these contributions amounts to the Funds have been met.

13. DeNormandie Company's failure to remit timely contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

14. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing documents, DeNormandie Company is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% of the delinquent contributions, and reasonable attorneys' fees and costs.

4

15.     Notwithstanding Edward DeNormandie's obligations under the Agreement, as revealed by reports from DeNormandie Company's payroll company through June of 2014, Edward DeNormandie has failed to remit contributions to the Funds for all of his employees covered by the Agreement.

16.     Despite demand duly made, Edward DeNormandie has not remitted the amount of delinquent contributions and other sums owed.

17.     All conditions precedent to requiring payment of these contribution amounts to the Funds have been met.

18.     Edward DeNormandie's failure to timely remit contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

19.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing documents, Edward DeNormandie is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, of the delinquent contributions, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against DeNormandie Towel & Linen Supply Company and Edward J. DeNormandie, individually and doing business as DeNormandie Towel & Linen Supply Company, as follows:

1. Finding that DeNormandie Towel & Linen Supply Company and Edward DeNormandie, individually and doing business as DeNormandie Towel & Linen Supply Company, violated the Agreement;

2. Finding that DeNormandie Towel & Linen Supply Company is liable to the Funds for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, and attorneys' fees and costs for each untimely remittance;

5

3. Finding that Edward DeNormandie, individually and doing business as DeNormandie Towel & Linen Supply Company, is liable to the Funds for all unpaid contributions incurred from November 8, 2013 onward, plus interest, liquidated damages, and attorneys' fees and costs for each untimely remittance;

4. Ordering DeNormandie Towel & Linen Supply Company to pay to Plaintiffs all contributions, accrued interest, and liquidated damages;

5. Ordering Edward DeNormandie, individually and doing business as DeNormandie Towel & Linen Supply Company, to pay to Plaintiffs all contributions, accrued interest, and liquidated damages accrued from November 8, 2013 onward;

6. Ordering DeNormandie Towel & Linen Supply Company to pay to Plaintiffs all reasonable attorneys' fees and costs incurred by the Funds related to the collection of the amounts in this suit;

7. Ordering Edward DeNormandie, individually and doing business as DeNormandie Towel & Linen Supply Company, to pay to Plaintiffs all reasonable attorneys' fees and court costs incurred by the Funds related to the collection of the amounts in this suit; and

8. Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

20. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 of Count I as paragraphs 1 through 19 of Count II.

21. In or about May 2014, the Defendant Company and Edward DeNormandie entered into an Installment Note ("Note") to pay the Funds contributions, liquidated damages, and interest in the total amount of $66,021.68 through twelve monthly installments. A copy of the Note is attached hereto as Exhibit A.

22. Edward DeNormandie signed the Note both as an agent of DeNormandie Company and in his individual capacity as a personal guarantor. Ex. A at 4.

23.     Pursuant to the terms of the Note, upon default in the payment of any amount due under the Note, including the monthly installments and the regular monthly contributions owed under the Agreement, the Note is automatically accelerated, and the entire remaining balance becomes due the day after a payment is missed.  Further, DeNormandie Company and Edward DeNormandie must pay interest on any late payment, plus costs of collection and all attorneys' fees incurred in an action to enforce the Note.  Interest is calculated at 12% per annum, compounded monthly, from the date payment was due until the date it is paid.  Ex. A ¶¶ 4-5.

24.     Pursuant to the Note, the Defendant Company and Edward DeNormandie are jointly and severally liable for any amounts owed under the Note.  Ex. A.

25.     DeNormandie Company and Edward DeNormandie have not remitted any of the payments owed under the Note, the first of which was due on May 1, 2014.  Under the Note's terms, this means DeNormandie Company and Edward DeNormandie are in default.

26.     Because DeNormandie Company and Edward DeNormandie are in default and have breached the terms of the Note, they are, under the Note's terms, liable for the full amount of contributions remaining under the Note, totaling $66,021.68, plus interest, which will continue to accrue on the balance at 12% per annum, compounded monthly, until paid, as well as all attorneys' fees and costs of collection incurred by the Funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against DeNormandie Towel & Linen Supply Company and Edward DeNormandie, individually and doing business as DeNormandie Towel & Linen Supply Company, as follows:

1.  Finding that DeNormandie Towel & Linen Supply Company and Edward DeNormandie, personally and individually, breached the Note;

2. Finding that DeNormandie Towel & Linen Supply Company and Edward DeNormandie, individually, are jointly and severally liable to the Plaintiffs for the entire sums due under the Note, totaling $66,021.68, plus interest which will continue to accrue at 12% per annum, compounded monthly, as set forth in the Note, and all attorneys' fees and costs incurred prior to and through the filing of this suit;

3. Ordering DeNormandie Towel & Linen Supply Company and Edward DeNormandie, individually, jointly and severally, to pay the Plaintiffs $66,021.68, plus interest which will continue to accrue at 12% per annum, compounded monthly, and all attorneys' fees and costs incurred prior to and through the filing of this suit;

4. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Michele M. Reynolds (ARDC# 6237957)
Jeremy M. Barr (ARDC# 6299047)
Josiah A. Groff (ARCD# 6289628)
David P. Lichtman (ARDC# 6290051)
Dowd, Bloch, Bennett & Cervone
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361